# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| YANJMAA MONKHOR, | ) | |
| | ) | 1:17-cv-04311 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| CHECKR, INC., | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

### I. PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

2. Defendant Checkr is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

3. The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Checkr. This action involves Defendant Checkr's systematic violation of several of those important rules.

## II. PARTIES

4. Plaintiff Yanjmaa Monkhor is an adult individual who resides in the state of Illinois.

5. Defendant Checkr is a business entity that regularly conducts business in the District of Illinois, and has a principal place of business located at 1 Montgomery Street Ste., 2000, San Francisco, California 94114.

## III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

7. Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

## IV. STATEMENT OF FACTS

8. In or around August 2016, Plaintiff applied for a position with Uber Technologies, Inc. ("Uber").

9. As part of her job application, Plaintiff signed a document purportedly authorizing Uber to obtain a consumer report for employment purposes.

10. Uber requested a consumer report from Checkr, and Checkr sold to Uber a consumer report concerning the Plaintiff on or around August 31, 2016.

11. The report furnished by Checkr was for employment purposes.

12. This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Uber.

13. Defendant Checkr has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

14. The inaccurate information includes, but is not limited to, criminal offense records. The record appears on the consumer report Checkr sold about Plaintiff to Uber as follows: "THEFT - MISDEMEANOR CONVICTED" which was expunged and filed with the Alameda County Court in May 2016.

15. Nevertheless, Checker is falsely reporting the expunged criminal record. This criminal record should have been removed from Plaintiff's file.

16. The inaccurate information grossly disparages the Plaintiff and portrays her as a convicted thief, which she is not. There is perhaps no greater error that a consumer reporting agency can make.

17. In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

18. Plaintiff has disputed the inaccurate information with Defendant by written communication to their representative and by following Checkr's established procedures for disputing consumer credit information.

19. Notwithstanding Plaintiff's efforts, Checker has repeatedly published and disseminated consumer reports to such third parties from at least August 2016 through the present.

20. Despite Plaintiff's efforts, Checkr have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any

third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

21. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations, and has continued to report the derogatory inaccurate information about the Plaintiff.

22. Plaintiff was subsequently denied employment at Uber and Plaintiff was informed by Uber that the basis for this denial was the inaccurate criminal information that appears on Plaintiff's Checkr consumer report and that the inaccurate information was a substantial factor for the denial.

23. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

24. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

25. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

## V. CAUSES OF ACTION

### COUNT I – Plaintiff v. Checkr
### FCRA 15 U.S.C. § 1681e(b) and § 1681i

26. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

27. At all times pertinent hereto, Defendant Checkr was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

28. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

29. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

30. Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Checkr is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and §1681(i).

31. The conduct of Defendant Checkr was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant Checkr is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### Jury Trial Demand

32. Plaintiff demands trial by jury on all issues so triable.

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against Defendant Checkr, for the following requested relief:

5

A. Actual damages;

B. Statutory damages;

C. Punitive damages;

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o; and

E. Such other and further relief as may be necessary, just and proper.

                                         Respectfully submitted,
                                         **YANJMAA MONKHOR**

                                By:   s/ Larry P. Smith
                                        Attorney for Plaintiff

Dated: June 7, 2017

Larry P. Smith (Atty. No.: 6217162)
SMITHMARCO, P.C.
55 W. Monroe Street, Suite 1200
Chicago, IL 60603
Telephone:  (312) 324-3532
Facsimile:  (888) 418-1277
E-Mail:     lsmith@smithmarco.com