**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| YANJMAA MONKHOR,<br><br>Plaintiff,<br><br>v.<br><br>CHECKR, INC.,<br><br>Defendant. | Case No. 1:17-cv-04311 |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Checkr, Inc. ("Checkr"), by its attorneys and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby submits its Answer and Affirmative and Other Defenses to Plaintiff's Complaint, as follows:

## I. PRELIMINARY STATEMENT

**COMPLAINT ¶1:**

This is an action for damages brought by an individual consumer against Defendant Checkr, Inc. (hereafter "Checkr"), for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. §§ 1681 *et seq.*, *as amended*. Under the FCRA, "consumer reports" subject to the statute's protections include not simply those used in establishing the consumer's eligibility for credit, but also those used for "employment purposes." 15 U.S.C. § 1681a(d)(1)(B).

**ANSWER:**

Checkr admits that Plaintiff purports to bring this action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Checkr denies all remaining allegations in the first sentence of Paragraph 1 of the Complaint, and specifically denies that it engaged in any wrongdoing and denies that it violated the FCRA. The allegations in the second sentence of

Paragraph 1 consist entirely of legal conclusions and a purported summary of statutory language and, therefore, no additional answer is required.

**COMPLAINT ¶2:**

Defendant Checkr is a consumer reporting agency which provides background and employment screening services, and decision-making intelligence to prospective employers.

**ANSWER:**

Checkr admits that it provides background and employment screening services and that it is a consumer reporting agency for the purpose of certain services it provides. Checkr denies any remaining allegations in Paragraph 2 of the Complaint.

**COMPLAINT ¶3:**

The FCRA was enacted "to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy," 15 U.S.C. § 1681(a)(4), by operating "in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy" of the consumer information they disseminate. 15 U.S.C. § 1681(b). Congress included in the statutory scheme a series of protections that impose strict procedural rules on consumer reporting agencies such as Checkr. This action involves Defendant Checkr's systematic violation of several of those important rules.

**ANSWER:**

The first sentence of Paragraph 3 of the Complaint consists entirely of legal conclusions and incomplete statutory quotations and, therefore, no answer is required. To the extent an answer is required, Checkr denies the allegations in the first sentence to the extent they are inconsistent with the cited statute. Checkr denies the remaining allegations in Paragraph 3.

## II. PARTIES

**COMPLAINT ¶4:**

Plaintiff Yanjmaa Monkhor is an adult individual who resides in the state of Illinois.

**ANSWER:**

Checkr is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint.

**COMPLAINT ¶5:**

Defendant Checkr is a business entity that regularly conducts business in the District of Illinois, and has a principal place of business located at 1 Montgomery Street Ste., 2000, San Francisco, California 94114.

**ANSWER:**

Checkr admits that it conducts business in this District and admits that it is located at 1 Montgomery Street, Suite 2000, San Francisco, California 94104. Checkr denies any remaining allegations in Paragraph 5 of the Complaint.

## III. JURISDICTION AND VENUE

**COMPLAINT ¶6:**

This Court has jurisdiction over this matter based upon 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims brought arise under the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*.

**ANSWER:**

Checkr admits that jurisdiction is proper. Checkr denies any remaining allegations in Paragraph 6 of the Complaint.

**COMPLAINT ¶7:**

Venue is properly in this District, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiff's claim occurred in this District.

**ANSWER:**

Checkr admits that venue is proper in this District. Checkr denies all remaining allegations in Paragraph 7 of the Complaint.

## IV. STATEMENT OF FACTS

**COMPLAINT ¶8:**

In or around August 2016, Plaintiff applied for a position with Uber Technologies, Inc. ("Uber").

**ANSWER:**

Checkr is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint.

**COMPLAINT ¶9:**

As part of her job application, Plaintiff signed a document purportedly authorizing Uber to obtain a consumer report for employment purposes.

**ANSWER:**

Checkr is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint.

**COMPLAINT ¶10:**

Uber requested a consumer report from Checkr, and Checkr sold to Uber a consumer report concerning the Plaintiff on or around August 31, 2016.

**ANSWER:**

Checkr admits that it prepared and sold a consumer report on Plaintiff at the request of Uber. Checkr denies the remaining allegations in Paragraph 10 of the Complaint.

**COMPLAINT ¶11:**

The report furnished by Checkr was for employment purposes.

**ANSWER:**

Checkr admits that it prepared and sold a consumer report on Plaintiff for employment purposes, as that phrase is defined in the FCRA. Checkr denies any remaining allegations in Paragraph 11 of the Complaint.

**COMPLAINT ¶12:**

This consumer report contained at least one item of information which was a matter of public record and of the type of information that was likely to have an adverse effect upon Plaintiff's ability to obtain employment generally, and specifically with Uber.

**ANSWER:**

Checkr states that the consumer report is the best evidence of its contents and denies any allegations in Paragraph 12 of the Complaint that are inconsistent with Plaintiff's report. Checkr denies any remaining allegations in Paragraph 12.

**COMPLAINT ¶13:**

Defendant Checkr has been reporting, and did here report, derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's criminal history and record to third parties ("inaccurate information").

**ANSWER:**

Checkr states that the consumer report is the best evidence of its contents and denies any allegations in Paragraph 13 of the Complaint that are inconsistent with Plaintiff's report. Checkr denies any remaining allegations in Paragraph 13.

**COMPLAINT ¶14:**

The inaccurate information includes, but is not limited to, criminal offense records. The record appears on the consumer report Checkr sold about Plaintiff to Uber as follows: "THEFT - MISDEMEANOR CONVICTED" which was expunged and filed with the Alameda County Court in May 2016.

**ANSWER:**

Checkr states that the consumer report is the best evidence of its contents and denies any allegations in Paragraph 14 of the Complaint that are inconsistent with Plaintiff's report. Checkr denies any remaining allegations in Paragraph 14.

**COMPLAINT ¶15:**

Nevertheless, Checker is falsely reporting the expunged criminal record. This criminal record should have been removed from Plaintiff's file.

**ANSWER:**

Checkr denies the allegations in Paragraph 15 of the Complaint.

**COMPLAINT ¶16:**

The inaccurate information grossly disparages the Plaintiff and portrays her as a convicted thief, which she is not. There is perhaps no greater error that a consumer reporting agency can make.

**ANSWER:**

Checkr denies the allegations in Paragraph 16 of the Complaint.

**COMPLAINT ¶17:**

In creating and furnishing the Plaintiff's consumer report, Defendant failed to follow reasonable procedures to assure the maximum possible accuracy of the information it reported about the Plaintiff.

**ANSWER:**

Checkr denies the allegations in Paragraph 17 of the Complaint.

**COMPLAINT ¶18:**

Plaintiff has disputed the inaccurate information with Defendant by written communication to their representative and by following Checkr's established procedures for disputing consumer credit information.

**ANSWER:**

Checkr denies the allegations in Paragraph 18 of the Complaint.

**COMPLAINT ¶19:**

Notwithstanding Plaintiff's efforts, Checker has repeatedly published and disseminated consumer reports to such third parties from at least August 2016 through the present.

**ANSWER:**

Checkr denies the allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Despite Plaintiff's efforts, Checkr have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

**ANSWER:**

Checkr denies the allegations in Paragraph 20 of the Complaint.

**COMPLAINT ¶21:**

Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above dispute as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations, and has continued to report the derogatory inaccurate information about the Plaintiff.

**ANSWER:**

Checkr denies the allegations in Paragraph 21 of the Complaint.

**COMPLAINT ¶22:**

Plaintiff was subsequently denied employment at Uber and Plaintiff was informed by Uber that the basis for this denial was the inaccurate criminal information that appears on Plaintiff's Checkr consumer report and that the inaccurate information was a substantial factor for the denial.

**ANSWER:**

Checkr is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint.

**COMPLAINT ¶23:**

As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of lost employment opportunity, harm to reputation, and emotional distress, including anxiety, frustration, humiliation and embarrassment.

**ANSWER:**

Checkr denies the allegations in Paragraph 23 of the Complaint.

**COMPLAINT ¶24:**

At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

**ANSWER:**

Paragraph 24 of the Complaint consists of legal conclusions, and therefore, no answer is required. To the extent an answer is required, Checkr admits that its employees prepared a background report on Plaintiff. Checkr denies any remaining allegations in Paragraph 24, and specifically denies that it engaged in any wrongdoing or any violation of the FCRA or any other law.

**COMPLAINT ¶25:**

At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, negligent, and in grossly negligent disregard for federal laws and the rights of the Plaintiff herein.

**ANSWER:**

Checkr denies the allegations in Paragraph 25 of the Complaint.

## V. CAUSES OF ACTION

### COUNT I – Plaintiff v. Checkr
### FCRA 15 U.S.C. § 1681e(b) and § 1681i

**COMPLAINT ¶26:**

Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Checkr incorporates by reference its answers to Paragraphs 1 through 25 of the Complaint as though fully set forth herein.

**COMPLAINT ¶27:**

At all times pertinent hereto, Defendant Checkr was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. §§ 1681a(b) and (f).

**ANSWER:**

Checkr admits the allegations in Paragraph 27 of the Complaint.

**COMPLAINT ¶28:**

At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

**ANSWER:**

Checkr admits the allegations in Paragraph 28 of the Complaint.

**COMPLAINT ¶29:**

At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

**ANSWER:**

Checkr admits that the report prepared on Plaintiff was a "consumer report," as that phrase is defined in the FCRA.

**COMPLAINT ¶30:**

Pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o, Defendant Checkr is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. § 1681e(b) and §1681(i).

**ANSWER:**

Checkr denies the allegations in Paragraph 30 of the Complaint.

**COMPLAINT ¶31:**

The conduct of Defendant Checkr was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff outlined more fully above and, as a result, Defendant Checkr is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**ANSWER:**

Checkr denies the allegations in Paragraph 31 of the Complaint.

**Jury Trial Demand**

**COMPLAINT ¶32:**

Plaintiff demands trial by jury on all issues so triable.

**ANSWER:**

Checkr admits that Plaintiff purports to demand a jury trial. Checkr denies any remaining allegations in Paragraph 32 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Checkr denies that Plaintiff is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

Checkr followed reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff in any consumer reports relating to her and otherwise made good faith efforts to comply with the FCRA.

### SECOND DEFENSE

Plaintiff is not entitled to punitive damages because Checkr's reading of its obligations under the FCRA is objectively reasonable.

### THIRD DEFENSE

To the extent Plaintiff has failed to mitigate her alleged damages, her recovery, if any, must be reduced accordingly.

### FOURTH DEFENSE

Any damages sustained by Plaintiff were not proximately caused by Checkr.

### RESERVATION OF RIGHTS

Checkr's investigation is ongoing and discovery in this action is not complete. Checkr reserves its right to raise additional defenses as may be discovered during the course of these proceedings.

WHEREFORE, Checkr requests that Plaintiff's Complaint be dismissed in its entirety with prejudice, and that Checkr be awarded its costs and any other relief that the Court deems just and proper.

Respectfully submitted,

CHECKR, INC.

By its attorneys,

/s/ *John W. Drury*

Pamela Q. Devata
John W. Drury
SEYFARTH SHAW LLP
233 S. Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
E-mail: pdevata@seyfarth.com
E-mail: jdrury@seyfarth.com

Dated: August 8, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that, on the 8th day of August, Defendant's Answer and Affirmative and Other Defenses to Plaintiff's Complaint was filed through the Court's ECF system and that Plaintiff's counsel are registered users documented to receive Notices of Electronic Filings in this matter.

/s/ *John W. Drury*
John W. Drury